# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
FORREST Q. SPAHN,       *
           *      No. 09-386V
        Petitioner,     *      Special Master Christian J. Moran
           *
v.                 *      Filed: December 13, 2017
           *
SECRETARY OF HEALTH     *
AND HUMAN SERVICES,     *      Attorneys' fees and costs; waiver
           *
       Respondent.     *
* * * * * * * * * * * * * * * * * * * *

Paul S. Dannenberg, Huntington, VT, for Petitioner;
Voris E. Johnson, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

After his petition was dismissed from the Vaccine Program, Forrest Spahn filed a motion for attorneys' fees and costs. Mr. Spahn is awarded the full amount of his request, **$162,044.12**.

\*      \*      \*

Mr. Spahn alleged that a tetanus-diphtheria vaccination significantly aggravated his obsessive-compulsive disorder. The undersigned granted the Secretary's motion for summary judgment and dismissed the petition. Decision, filed Sept. 11, 2014. The dismissal was upheld on a motion for review. Spahn v.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

<u>Sec'y of Health & Human Servs.</u>, 133 Fed. Cl. 588 (2017).  With the merits of Mr. Spahn's case resolved, the parties addressed attorneys' fees and costs.

Mr. Spahn filed an attorneys' fees and costs petition on November 21, 2017, requesting $160,448.00 in fees and $1,596.12 in costs.[2]

The Secretary filed a response representing that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed Oct. 20, 2017, at 2.  The Secretary did not raise any specific objections and recommended that the Special Master "exercise his discretion" when determining a reasonable award.  <u>Id</u>. at 3.

This matter is now ripe for adjudication.

\*　　　\*　　　\*

Because Mr. Spahn did not receive compensation, he must establish that the "petition was brought in good faith and there was a reasonable basis for the claim" before she can receive an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e)(B).

On the motion for review, the Court found that Mr. Spahn had a reasonable basis for bringing his vaccine claim.  <u>Spahn</u>, 133 Fed. Cl. at 605.  The undersigned previously found that Mr. Spahn brought his claim in good faith.  Decision Awarding Costs on an Interim Basis, filed Aug. 11, 2017, 2017 WL 4511060, at \*3.  Accordingly, due to the findings of good faith and reasonable basis, Mr. Spahn is eligible for an award of attorneys' fees and costs.

Pursuant to the rationale established in <u>Swintosky v. Sec'y of Health & Human Servs.</u>, No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017),[3] the Secretary has waived any objections to the amount of fees requested.

---

[2] A majority of the attorneys' costs and all of Mr. Spahn's costs ($250.00) were requested in an interim fees petition that was previously adjudicated.  See <u>Decision</u>, filed Aug. 11, 2017, 2017 WL 4511060.

[3] In <u>Swintosky</u>, the parties submitted a joint notice of decision not to seek review of the Fees Decision.

2

Absent any objections, Mr. Spahn's request for attorneys' fees and costs is GRANTED IN FULL:

> **A lump sum of $162,044.12 in the form of a check made payable to petitioner and petitioner's attorney, Paul S. Dannenberg.**

These amounts represents reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.